FILED
VANESSA L. ARMSTRONG
JUN 22 2016
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.

MED 1ST OF EVANSVILLE, P.C.

INDICTMENT

NO. 3:16-CR-76-DJH

21 U.S.C. § 846
21 U.S.C. § 842(a)(1)
21 U.S.C. § 829
21 U.S.C. § 853(a)(1)
21 U.S.C. § 853(a)(2)
18 U.S.C. § 982(a)(7)
18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 1956(h)
18 U.S.C. § 1957

The Grand Jury charges:

## COUNT 1
(Conspiracy to Commit Health Care Fraud)

Beginning on or about January 2009, and continuing until at least May 2014, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **MED 1ST OF EVANSVILLE, P.C. ("MED 1ST")**, did willfully, and knowingly combine, conspire, confederate, and agree with other persons, known and unknown to the Grand Jury, to commit a federal violation of law, to wit, health care fraud by causing the submission of false claims to Medicaid, Medicare, Anthem, and other insurance carriers.

In violation of Title 18, United States Code, Section 1349.

The Grand Jury further charges:

## COUNT 2
(Health Care Fraud)

Beginning on or about January 2009, and continuing until at least May 2014, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendant, **MED 1ST OF EVANSVILLE, P.C.,** knowingly and willfully executed, and attempted to execute, a scheme and artifice to obtain, by means of false or fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of health care benefit programs, in connection with the delivery of, and payment for health care benefits, items, and services, to wit: **MED 1ST OF EVANSVILLE, P.C.** provided and directed other staff members to provide medically unnecessary treatments to patients, and to falsely and fraudulently bill various health care benefit programs for such services, including Medicare, Medicaid, and Anthem, as listed below, among others, by submitting claims for medically unnecessary facet block injections, billing for conscious sedation, which was never performed, providing back braces, which were not medically necessary, and performing unnecessary tests, including but not limited to, the patients listed below:

| DATES OF SERVICE | BENEFICIARY | INSURANCE |
|---|---|---|
| 09/12/12 | D.A. | Kentucky Medicaid |
| 09/13/12 | L.C. | Anthem |
| 12/27/12 | A.P. | Kentucky Medicaid |
| 09/13/12 | B.S. | Kentucky Medicaid |

In violation of Title 18, United States Code, Section 1347.

The Grand Jury further charges:

## COUNT 3
(Conspiracy to Violate Controlled Substance Act)

Beginning on or about November 2011, and continuing until at least December 2012, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **MED 1ST OF EVANSVILLE, P.C.,** knowingly and intentionally combined, conspired, confederated and agreed with CONSPIRATOR A, CONSPIRATOR B, and other persons, known and unknown to the Grand Jury, to commit the following offense against the United States: CONSPIRATOR A, who was then a medical practitioner and Drug Enforcement Administration registrant, subject to the requirements of Title 21, United States Code, Part C, did distribute and dispense a controlled substance, in violation of Title 21, United States Code, Section 829, in that CONSPIRATOR A signed blank prescription pads and permitted individuals, acting at the direction of CONSPIRATOR B, who were not Drug Enforcement Administration registrants, to conduct evaluations of patients and to use these pre-signed prescription pads to prescribe medication to the patients, in violation of Title 21, United States Code, Section 842(a)(1).

In violation of Title 21, United States Code, Section 846.

The Grand Jury further charges:

## COUNT 4
(Conspiracy to Commit Money Laundering)

Beginning in or about November 2011, the exact date being unknown to the Grand Jury, and continuing until at least April 2015, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendant, **MED 1st OF EVANSVILLE, P.C.,** knowingly

combined conspired and agreed together, and with others, known and unknown to the Grand Jury, to commit certain offenses under Title 18, United States Code, Sections 1956 and 1957, as follows:

    a.    to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce which involved the proceeds of specified unlawful activity, namely, health care fraud and the unlawful distribution and dispensing of, and conspiracy to distribute and dispense, controlled substances and other substances, knowing that the property involved in the financial transactions represented the proceeds of some form of illegal activity, with the intent to promote the carrying on of such specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

    b.    to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce which involved the proceeds of specified unlawful activity, namely, the unlawful distribution and dispensing of, and conspiracy to distribute and dispense, controlled substances and other substances, knowing that the property involved in the financial transactions represented the proceeds of some form of illegal activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

    c.    to knowingly engage, attempt to engage and cause and aid and abet others to engage in monetary transactions affecting interstate and foreign commerce in criminally derived property of a value greater than $10,000.00 and derived from

4

specified unlawful activity, namely, the unlawful distribution and dispensing of, and conspiracy to distribute and dispense, controlled substances and other drugs. In violation of Title 18, United States Code, Sections 1956(h) and 1957.

## NOTICE OF FORFEITURE

As a result of committing the offenses set forth in Counts 1 through 4 of this Indictment, the defendant, **MED 1ST OF EVANSVILLE, P.C.**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), and Title 21, United States Code, Section 853(a)(1) and (2), any and all property constituting or derived from any proceeds the defendant obtained, directly or indirectly, as a result of the these violations, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of these violations, including but not limited to, the Mass Mutual Life Insurance Original Policy Number 77024911, with Settlement Option Payee Numbers 217165-00; 217165-01; 217165-02; and 217165-03.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

- a. cannot be located upon the exercise of due diligence;
- b. has been transferred or sold to, or deposited with, a third person;
- c. has been placed beyond the jurisdiction of the Court;
- d. has been substantially diminished in value; or
- e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of all the defendant's right, title and interest in any other property of the defendant, up to the value of the above forfeitable property.

Pursuant to Title 18, United States Code, Section 982(a)(7), and Title 21, United States Code, Sections 853(a)(1) and (2).

A TRUE BILL.

_____
JOHN E. KUHN, JR.
UNITED STATES ATTORNEY

JEK:LJW:20160615

UNITED STATES OF AMERICA v. **MED 1ST OF EVANSVILLE, P.C.**

## PENALTIES

Counts 1, 2, and 4:  NM $500,000/NM five years probation  (each count)
Count 3:  NM $200,000/NM five years probation
Forfeiture

## N O T I C E

### ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due immediately unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1.  **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    For offenses occurring after December 12, 1987:

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2.  Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3.  Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

> If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

## RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

## APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

## PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN.85

No.

# UNITED STATES DISTRICT COURT
Western District of Kentucky
Louisville Division

## THE UNITED STATES OF AMERICA

vs.

## MED 1ST OF EVANSVILLE, P.C.

## INDICTMENT

**Title 18 U.S.C. §§ 1349; 1347; 1956(h); 1957;
Title 21 U.S.C. § 846:
Conspiracy to Commit Health Care Fraud;
Health Care Fraud; Conspiracy to Violate the
Controlled Substance Act; Conspiracy to
Commit Money Laundering.**

*At*

*reman*

*Fil.*

*Clerk*

*Bail, $*

**FILED**
VANESSA L. ARMSTRONG

JUN 22 2016

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY